UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT ANTONIO ROSENBOURGH,

Plaintiff,

v.

CAUSE NO. 3:21-CV-494 DRL-MGG

LA PORTE SUPERIOR COURT 1 *et al.*,

Defendants.

OPINION AND ORDER

Robert Antonio Rosenbourgh, a prisoner without a lawyer, is detained at the LaPorte County Jail awaiting trial on state criminal charges. He filed this complaint under 42 U.S.C § 1983 against the Laporte Superior Court 1, Judge Jaime Oss, Prosecutor Bethany Jo Beckman, and his defense attorney, James Owen Cupp, in the Southern District of Indiana. ECF 1. Because the events took place in this district, the Southern District transferred it here. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Rosenbourgh alleges that on March 18, 2021, Judge Oss held a hearing and released him on bond to a work release program. He had two active Level 4 warrants,

which led to his return to jail. Mr. Rosenbourgh is suing Judge Oss and the prosecutor for allowing him to be released knowing he had active warrants that made him ineligible for release.

The judge and the prosecutor are absolutely immune for their actions here. Both have absolute immunity for any actions done in the course of a judicial proceeding. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (noting long history of "immunity of judges from liability for damages for acts committed within their judicial jurisdiction"); *Imbler v. Pachtmen*, 424 U.S. 409, 430 (1976) (holding that prosecutor has absolute immunity for activities "intimately associated with the judicial phase of the criminal process"). The bond hearing is part of the judicial phase of the criminal process and therefore neither of them can be sued for events stemming from the hearing, even if erroneous. *See Cannon v. Newport*, 850 F.3d 303, 307 (7th Cir. 2017) ("[Plaintiff's] claim that the judge set excessive bail in violation of the Eighth Amendment also fails, because the defendants whom he sued are entitled to immunity, having acted either as lawyers for the state or in a judicial capacity."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Therefore, the claims against the judge and the prosecutor cannot proceed.

In addition, Laporte Superior Court 1 cannot be sued under § 1983. In Indiana, state courts are "a division of the State of Indiana, so [plaintiff's] suit is one against Indiana itself." *King v. Marion Circuit Court*, 868 F.3d 589, 591 (7th Cir. 2017); *see* IND.

2

CONST. art. 7 § 1 ("The Judicial power of the State shall be vested in a Supreme Court, in Circuit Courts, and in such inferior Courts as the General Assembly may establish."). Because LaPorte Superior Court 1 is acting on behalf of the state when conducting criminal trials, there are strict limits on when it may be sued in federal court. "The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity." *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012). There is no state statute allowing the circuit court to be sued, and "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). The claims against the court cannot proceed.

Finally, Mr. Rosenbourgh sues his defense attorney, James Owen Cupp, for malpractice. Mr. Rosenbourgh identifies him as a "Retained P.D." It is unclear whether this means he is privately retained by Mr. Rosenbourgh or a public defender appointed by the court. But in either case, neither a privately retained attorney nor a public defender is a state actor who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). To proceed on a state law malpractice claim here, he must allege diversity jurisdiction, which requires $75,000 in damages and diversity of citizenship between him and his lawyer. 28 U.S.C. § 1332. Neither damages nor the parties' citizenship are alleged

in the complaint, and it is exceedingly unlikely that Mr. Rosenbourgh could have sufficient damages for being erroneously *released* from custody.

There is a more fundamental reason why this case cannot proceed. Mr. Rosenbourgh asks this court to order the state court to drop some of the criminal charges against him and to transfer the criminal case to a different court for safety reasons. A federal court generally does not interfere with an ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). *Younger* generally "requires federal courts to abstain from interfering with pending state proceedings to enforce a state's criminal laws . . .." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Two recognized exceptions are speedy trial and double jeopardy claims. *Id*. Neither applies here. Therefore, this court cannot grant him the relief he wants.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile," *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), though "courts have broad discretion to deny leave to amend where . . . the amendment would be futile," *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For reasons already explained, amendment is futile. The court thus DISMISSES this case under 28 U.S.C. § 1915A.

SO ORDERED.

July 28, 2021             *s/ Damon R. Leichty*
                                                       Judge, United States District Court